■ ST. LAWRENCE COUNTY NATIONAL BANK OF CANTON, Respondent, v. AMERICAN MOTORISTS INSURANCE COMPANY, Appellant.—This is an appeal from an order and judgment of Supreme Court, St. Lawrence County, striking defendant's answer and granting plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice (CPLR 3212). Between January 14, 1957 and February 7, 1957 one Ford, a town Supervisor, misappropriated town funds of which the bank was the depository by diverting them to his personal account or that of a partnership, of which he was a member, also maintained therein. His surety reimbursed the town for the losses thus incurred, took an assignment of the town's cause of action against the bank and thereupon sued to recover the amount which it had paid. Upon appeal we affirmed Special Term's grant of summary judgment in favor of the subrogee. (*American Sur. Co. of New York v. St. Lawrence County Nat. Bank,* 14 A D 2d 618.) The bank paid the judgment and thereafter instituted this action to recover under a "Bankers Blanket Bond, Standard Form No. 24" issued by appellant which became effective June 19, 1957. Clause B entitled "On Premises" provides indemnity to the bank for "any loss of Property through robbery, burglary, common-law or statutory larceny, theft, false pretenses * * * whether effected * * * with or without negligence on the part of any of the Employees * * * while the Property is (or is supposed to be) lodged or deposited within any offices or premises located anywhere". We conclude that the loss sustained by respondent resulted from a larceny within the coverage of the bond. The term "Property" is defined to include a multitude of types of assets of the bank, including "money, currency, coin * * * securities, evidences of debts * * * certificates * * * rights, transfers, coupons, drafts, bills of exchange, acceptances, notes, checks * * * money orders * * * and all other instruments similar to or in the nature of the foregoing, in which the Insured has an interest or which are held by the Insured for any purpose or in any capacity * * * and chattels which are not hereinbefore enumerated and for which the Insured is legally liable." *Fidelity & Cas. Co. of New York v. Bank of Altenburg* (216 F. 2d 294, cert. den. 348 U. S. 952) where this precise clause was construed to cover losses of a bank perpetrated through a "check kiting" scheme essentially not unlike that practiced here is apposite. The insurance company undertook to indemnify respondent bank against losses set forth in the policy "sustained by the Insured at any time but discovered after noon on the 19th day of June, 1957". Our prior decision does not require us to hold, as appellant contends, that the bank discovered the loss for which it now seeks reimbursement at the time of the misappropriations and thus before the pertinent date fixed by the policy. The holding there was that the depository

was deemed to be on notice of the defalcations upon the predicate that it was charged with knowledge of the limitations imposed on a public official in dispensing town funds. Knowledge imputed by operation of law is not necessarily the type of discovery contemplated by the policy provision. However, we think that the issue as to whether the losses suffered by the insured were discovered after the date fixed in the policy is in the circumstances one of fact and should not have been resolved against defendant on a motion for summary judgment. (*De France* v. *Oestrike*, 8 A D 2d 735.) Judgment and order reversed, on the law and the facts, and motion denied, with costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.